**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**SUCSOVA INVESTMENTS, INC.,**

        **Plaintiff,**

**-vs-**           Case No. 6:10-cv-85-Orl-28KRS

**MAGNOLIA HOLDINGS OF CELEBRATION, LLC, VENANCIO TORRE, ANDREW LA ROSA,**

        **Defendants.**

_____

# ORDER

Plaintiff Sucsova Investments, Inc. ("Plaintiff") brought this action as the holder of a promissory note executed and delivered by Defendant Magnolia Holdings of Celebration, LLC ("Magnolia") and guaranteed by Defendants Venancio Torre ("Torre") and Andrew La Rosa ("La Rosa") (collectively "the Individual Defendants"), which Defendants have failed to pay. The Court held a two-day bench trial in this case on August 3, 2011 and August 22, 2011. In accordance with Federal Rule of Civil Procedure 52, the Court now issues the following opinion as its findings of fact and conclusions of law.

The genesis of this dispute was a real estate venture undertaken by Magnolia; Magnolia purchased land in Celebration, Florida that it intended to build on. To pay for the land, Magnolia obtained a mortgage on the property; to pay for the building, Magnolia needed to obtain a construction loan. However, because its only asset–the land–was already encumbered, Magnolia needed private investors and approached Plaintiff about

investing $350,000 in exchange for a ten percent equity interest in Magnolia. Plaintiff was unsure about investing for only an equity interest. Plaintiff and Magnolia sent numerous e-mails back and forth, attempting to come to an agreement. As the deadline for obtaining investors approached, Magnolia offered to give Plaintiff a promissory note for the $350,000 and the Individual Defendants offered personal guarantees. (Promissory Note, Pl.'s Trial Ex. 1). Pursuant to the promissory note, Defendants agreed to pay Plaintiff a fixed interest rate of ten percent per year, based on a 365-day year, and "bonus" interest of ten percent of the loan amount at the first of three designated times: (1) within thirty days of the sale and closing of the project, (2) if and when Magnolia elected to prepay the bonus interest, or (3) on the third anniversary of the funding of the promissory note. The note was to be paid after twelve months, with an option to defer payment for six additional months. Due to the time-pressure of the situation and the distance between the parties,[1] Defendants faxed a copy of the signed promissory note to Plaintiff, and Plaintiff then wired the money to Magnolia.

After the money was provided, Plaintiff and Defendants continued negotiations and discussed the possibility of entering into a Joint Venture Agreement ("JVA"), whereby the promissory note and the guarantees would be forgiven in exchange for Plaintiff obtaining an equity interest in the project along with certain other benefits. Ultimately, however, a JVA was never signed. Undoubtedly due to the fast-paced atmosphere of the real estate market at the time and the familiarity of the parties,[2] the negotiations were haphazard and informal.

---

[1] Defendants were located in Florida and Plaintiff was located in Guatemala.

[2] A representative of Sucsova, Mr. Olaf Rasch, and Mr. Torre are related by marriage–their wives are sisters.

As a result, each party assumed that all were on the same page, but they were not. Defendants assumed that they were operating under the JVA even though it had not been signed, and Plaintiff continued to operate as the holder of the promissory note with the option to convert the note to an equity interest. Had the Magnolia project been successful, this oversight would likely not have been an issue because Plaintiff would have exercised its right to convert the note to an equity interest and then the parties would, once again, be on the same page. But, as were so many other real estate ventures at this time, the Magnolia project was unsuccessful and lost money, resulting in Defendants' inability to pay both Plaintiff and the holder of the mortgage on the land.

Defendants assert that even though the JVA was never signed they were operating pursuant to it and therefore the promissory note was no longer in effect. Defendants' argument is without merit. The evidence clearly showed that Plaintiff sent Magnolia the money in reliance on the promissory note and personal guarantees. It is also clear that while there was much negotiation over the JVA, the parties never reached an agreement regarding its terms. The fact that Defendants provided Plaintiff with stock certificates, without agreeing to the JVA, does not invalidate the promissory note. Rather, it supports Plaintiff's view of the arrangement–that Plaintiff had a right to convert the promissory note to an equity interest–as does the fact that until this suit was filed, Magnolia classified Plaintiff as a debt holder, rather than an equity holder, on its tax returns and financial statements. Only after this suit was filed did Magnolia attempt to amend its tax returns and financial statements to reflect otherwise.

Furthermore, contrary to Defendants' contention, Plaintiff did not charge usurious interest and did not possess the requisite intent to do so. Defendants' usury argument is based on the allegation that Plaintiff intended to collect both the interest on the loan and its income as an equity holder. However, as discussed above, Plaintiff only had a right to the interest provided for in the promissory note because Plaintiff never exercised its option to convert that note into an equity share of Magnolia. Plaintiff could not have collected both the interest payment on the loan and the payment from its equity investment because it could only have one or the other.

Accordingly, the full amount of the promissory note–the sum of $350,000–remains due and owing to Sucsova pursuant to the terms of the Promissory Note. Interest of ten percent per year, calculated through the final date of trial–August 22, 2011–in the amount of $148,630.14 is also due, along with the flat ten percent bonus interest[3] of $35,000. Accordingly, the total amount due as of the last day of trial was $533,630.14. In addition, Defendants will be charged the federal statutory interest rate as of August 23, 2011–0.11 percent–through today, February 15, 2012. Thus, the post-trial interest total is $284.65, making the entire total due and owing to Plaintiff $533,914.79. Post-judgment interest shall also accrue at the current statutory rate.

---

[3] Defendants assert that Sucsova cannot claim the bonus interest because it did not argue that it was due such interest until it filed its Proposed Findings of Fact and Conclusions of Law (Doc. 50). However, in Sucsova's Complaint (Doc. 1) it asserted its rights pursuant to the promissory note, which include a right to the bonus interest provided therein.

-4-

In accordance with the foregoing, the Clerk is directed to enter a judgment providing that on its claims, Plaintiff shall recover from the Defendants $533,914.79. Thereafter, the Clerk shall close this file.

**DONE** and **ORDERED** in Chambers, Orlando, Florida this 15th day of February, 2012.

JOHN ANTOON II
United States District Judge

Copies furnished to:
Counsel of Record
Unrepresented Party